```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

DWAYNE GRIFFIN,                  :
    Plaintiff,               :
                             :
    v.                       :     Case No. 3:15-cv-1667(RNC)
                             :
RON LABONTE, ET AL.,             :
    Defendants.              :

## RULING AND ORDER

The third amended complaint alleges that since 2005 plaintiff has been denied surgery to correct a painful knee condition in violation of the Eighth Amendment. The four defendants are Health Services Administrator Ron Labonte,[1] Nurse Cynthia L'Huereax, Dr. Ilona Figueroa and Dr. Johnny Wu. The defendants have moved to dismiss the third amended complaint on the ground that the action is barred by the three-year statute of limitations. Plaintiff responds that the continuing violation doctrine applies. Defendants have not sustained their burden of establishing that the action is time-barred, so the motion is denied without prejudice.

The third amended complaint, generously construed, alleges the following facts. In June 2005, plaintiff was evaluated by an orthopedic specialist for severe knee pain caused by degenerative changes. The specialist recommended surgery to prevent further degeneration. Administrator Labonte and Dr. Figueroa denied funding for surgery. As an

---

[1] The case caption misspells this defendant's name as "LAPONTE." The Clerk is requested to correct the caption.

alternative, plaintiff was prescribed a knee brace and cortisone injections.  He was subsequently transferred to Corrigan-Radgowski Correctional Center, where he has repeatedly requested an evaluation by the facility's doctor.  His requests have been refused by Nurse L'Huereax.  Dr. Wu, who has succeeded to the position of Health Services Administrator, continues to deny plaintiff corrective surgery.

A claim for damages under § 1983 accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action." Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013).  Plaintiff knew or had reason to know of the alleged deliberate indifference beginning in 2005.  However, the continuing violation doctrine may preserve an Eighth Amendment claim of deliberate indifference when the complaint alleges a series of acts that together comprise a constitutional violation.  Shomo v. City of New York, 579 F.3d 176, 181-82 (2d Cir. 2009).  In order for the doctrine to apply, the complaint must allege an ongoing policy of deliberate indifference and non-time-barred acts in the furtherance of that policy.  Id. at 182.  In this case, the third amended complaint may be construed to allege an ongoing policy of deliberate indifference to the plaintiff's need for corrective surgery and a series of

acts and omissions in furtherance of that policy. Given the length of time that passed between plaintiff's visit to the specialist in 2005 and the date he filed this suit in 2015, the action may well be time-barred as to some or all of the defendants. But defendants have not shown that the continuing violation doctrine does not apply. Because it is a defendant's burden to establish that a claim is time-barred, the motion to dismiss is denied without prejudice to renewal. See Cutting v. Down East Orthopedic Assocs., P.A., No. 1:16-cv-582-JAW, 2017 WL 4386963, at *11 (D. Me. Sept. 30, 2017) (denying motion to dismiss when record unclear as to whether continuing violation doctrine applied); Wong v. Bann-Cor Mortg., 878 F. Supp. 2d 989, 1004 (W.D. Mo. 2012) (concluding that statute of limitations issue would be better presented on motion for summary judgment); Schonarth v. Robinson, No. 06-cv-151-JM, 2008 WL 510193, at *7 (D.N.H. Feb. 22, 2008) (deferring decision on statute of limitations issue until after discovery).

Accordingly, the motion to dismiss the third amended complaint is denied without prejudice.

So ordered this 17th day of January 2018.

/s/
Robert N. Chatigny, U.S.D.J.